UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

CASE NO.:

| | |
|---|---|
| PENN NATIONAL SECURITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SUN RIVER SERVICE COMPANY, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, Penn National Security Insurance Company ("Penn National"), by and through counsel and pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and alleges as follows:

**Preliminary Statement**

1. Pursuant to 28 U.S.C. §2201, Plaintiff Penn National seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties with respect to the Defendant Sun River Service Company, LLC's ("Sun River") claim that it is entitled to indemnity under a policy of insurance issued by Penn National to Sun River for an amount that Sun River paid to a customer for the recall and disposal of the customer's product which incorporated Sun River's product.

**Jurisdiction**

2. Jurisdiction over the claim contained herein is invoked pursuant to 28 U.S.C. §1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

### Venue

3. This action properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1391(b)(1) because the Defendant resides in this judicial district, and 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action occurred in this judicial district.

### Parties

4. The Plaintiff, Penn National, is a Pennsylvania corporation with a Pennsylvania principal place of business, which is authorized to engage in the business of insurance and conducts such business in the state of North Carolina.

5. Upon information and belief, the Defendant Sun River is a North Carolina limited liability company with its principal place of business at 2018 Beeler Road S, Wilson, Wilson County, North Carolina.

6. Penn National issued to Sun River a commercial general liability insurance policy, policy number CX9 0648125, with effective dates of May 15, 2018 through May 15, 2019 (the "Policy"). A true and certified copy of the Policy is attached hereto as Exhibit A.

7. Upon information and belief, Sun River is in the business of supplying ingredients to the pet food industry.

8. Upon information and belief, Sun River sources its own ingredients for its products, which it manufactures according to the specifications of its customers.

9. Upon information and belief, on July 22, 2018, a Sun River employee cleaned the inside of a delivery tanker trailer used to transport Sun River's product to its client. Once the employee had finished cleaning the inside of the trailer, the Sun River employee left the nylon brush inside the trailer, contrary to Sun River's policies and procedures.

10. Upon information and belief, the trailer was then filled with Sun River's product, and the product was delivered to Sun River's customer.

11. Upon information and belief, subsequently, while in the process of canning its product, Sun River's customer discovered metal shavings and nylon particles in the product delivered by Sun River.

12. Upon information and belief, Sun River's customer then suspended delivery of its product made with the relevant delivery from Sun River and notified Sun River of the contamination.

13. Upon information and belief, after receiving notification of contamination in its product, Sun River recalled the contaminated delivery and disposed of it.

14. Sun River has made a claim upon Penn National under the Policy in an amount in excess of $75,000.00, exclusive of interest and costs, for indemnity for the recall and disposal of its contaminated product.

**Claim For Relief**
**(Declaratory Judgment of No Coverage)**

15. Penn National incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

16. The Policy provides as follows under Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability:

*1. Insuring Agreement*

    *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for*

> "bodily injury" or "property damage" to which this insurance does not apply.
>
> ...
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence"

17. Section V – Definitions of the Policy provides as follows:

> *13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> *...*
>
> *17. "Property damage" means:*
>
> *a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> *b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

18. Sun River's claim is not covered under the insuring agreement of the Policy in that it does not meet the definition of "property damage" caused by an "occurrence."

19. Section I – Coverages of the Policy, at paragraph 2. Exclusions, provides in part as follows:

> **2. *Exclusions***
>
> *This insurance does not apply to:*
>
> *...*
>
> **k. *Damage To Your Product***
>
> *"Property damage" to "your product" arising out of it or any part of it.*

  *l. Damage To Your Work*

  *"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

20. Section V – Definitions of the Policy provides as follows:

21. *"Your product":*

a. *Means:*

(1) *Any goods or products, other than real property, manufactures, sold, handled, distributed or disposed of by:*

(a) *You;*

(b) *Others trading under your name; or*

(c) *A person or organization whose business or assets you have acquired; and*

(2) *Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.*

b. *Includes:*

(1) *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and*

(2) *The providing of or failure to provide warnings or instructions.*

*…*

22. *"Your work":*

a. *Means:*

(1) *Work or operations performed by you or on your behalf; and*

(2) *Materials, parts or equipment furnished in connection with such work or operations.*

b. *Includes:*

>> (1) Work or operations performed by you or on your behalf; and
>
>> (2) The providing of or failure to provide warnings or instructions.

21. Sun River's claim is not covered by the Policy pursuant to exclusions k. and l. as cited herein.

22. Section I – Coverages of the Policy, at paragraph 2. Exclusions, provides in part as follows:

> **2. Exclusions**
>
> *This insurance does not apply to:*
>
> *…*
>
> **n. Recall Of Products, Work Or Impaired Property**
>
> *Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*
>
> *(1) "Your product";*
>
> *(2) "Your work"; or*
>
> *(3) "Impaired property";*
>
> *if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

23. Section V – Definitions of the Policy defines "your work" and "your product" as set out in paragraph 20, *supra*. Additionally, Section V – Definitions of the Policy provides as follows:

> 8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> b. You have failed to fulfill the terms of a contract or agreement;
>
> *if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.*

24. Sun River's claim is not covered by the Policy pursuant to exclusion n. as cited herein.

25. Section I – Coverages of the Policy, at paragraph 2. Exclusions, provides in part as follows:

> **2. Exclusions**
>
> *This insurance does not apply to:*
>
> ...
>
> m. **Damage to Impaired Property Or Property Not Physically Injured**
>
> *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*
>
> > *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*
> >
> > *(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

26. Sun River's claim is not covered by the Policy pursuant to exclusion m. as cited herein.

27. A genuine, actual, and justiciable controversy between the parties to this action has arisen and presently exists concerning whether coverage is afforded by Penn National

pursuant to the Policy issued to Sun River, and Penn National is entitled to a declaratory judgment as to its obligations and liabilities under the Policy

28. Plaintiff Penn National seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure that, pursuant to the provisions contained in the Policy, Penn National is not obligated to indemnify Sun River in connection with the claim described herein. A final ruling by this Court will determine the rights and obligations of Plaintiff and Defendant and will settle the controversy between them as to this insurance coverage issue.

WHEREFORE, Penn National hereby respectfully prays to the Court as follows:

1. For a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 declaring the relative rights and obligations of the parties under the Policy;

2. For a declaratory judgment that Penn National is not obligated to indemnify Sun River with respect to the claim described herein;

3. That the costs of this action be taxed against Defendant;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

This 15th day of March, 2019.

    GOLDBERG SEGALLA LLP

    /s/ David L. Brown
    David L. Brown
    N.C. State Bar No. 18942
    Brandon D. Zeller
    N.C. State Bar No. 50245
    800 Green Valley Road, Suite 302
    Greensboro, NC 28408
    Telephone: 336.419.4900
    Facsimile: 336.419.4950
    dbrown@goldbergsegalla.com

bzeller@goldbergsegalla.com

*Attorneys for Plaintiff*

22456163.v1